## Case No. 7,724.

KEROSENE LAMP HEATER CO. v. LITTELL.

[3 Ban. & A. 312;[1] 13 O. G. 1009; 1 N. J. Law J. 195; Merw. Pat. Inv. 459.]

Circuit Court, D. New Jersey. June 28, 1878.

PATENTS—COMBINATION—REISSUE—NEW MATTER.

1. The action of the commissioner, in granting a reissue, conclusively settles the question that

---

[1] [Reported by Hubert A. Banning, Esq., and Henry Arden, Esq., and here reprinted by permission.]

the original patent was inoperative or invalid by reason of a defective or insufficient specification, or by reason of the patentee claiming as his own invention more than he had a right to claim as new, and that the error arose by inadvertence, accident or mistake, and without any fraudulent or deceptive intention

2. It is patentable invention, where, by the co-action of the elementary parts of a combination, a new and practical result has been attained, which was not reached by their separate action before the combination was made.

3. The province and scope of reissues considered.

4. The question as to what constitutes new matter in a reissue of a patent for a combination discussed.

5. The first, second and third claims of complainant's reissued letters patent, number 7069, dated April 18, 1876 (the original letters patent having been granted to Warren L. Fish, June 17th, 1862), for lamp chimneys, *held* valid, and that defendant infringes the same.

[This was a bill in equity by the Kerosene Lamp Heater Company against Aaron P. Littell for the infringement of reissued letters patent No. 7,069, granted to complainant April 18, 1876.]

A. Pollok, B. F. Lee, Turner & McClure, for complainant.

W. W. Niles and Mr. Bayley, for defendant.

Before McKENNAN, Circuit Judge, and NIXON, District Judge.

NIXON, District Judge. The bill of complaint in this case is for the infringement of certain reissued letters patent No. 7,069, granted to the complainant corporation on the 18th of April, 1876, praying for an injunction and an account. The original patent No. 35,598 was issued to Warren L. Fish, June 17th, 1862. The defence is substantially embraced in three propositions: (1) That the reissue is void, not being for the same invention as the original patent. (2) That it has been anticipated by prior inventions. (3) That the defendant's stove is not an infringement.

Is the reissue for the same or a different invention? This question is answered by a comparison of the reissue with the original patent. It is the presumption of law that they are the same, and this presumption is only overthrown by finding elements or combinations in the one which do not substantially exist in the other.

The subject-matter of the patent is an apparatus for heating, in which the flame of the lamp is used as the heating agent. In the original the patentee calls his invention "a new and improved attachment to lamp chimneys." He says that "it consists in the arrangement of a receiver in combination with the chimney of a kerosene or other flame, in such a manner that water or other liquid poured into such receiver can be heated by the action of the flame in an easy and convenient manner; and of a window in the lower part of the metal chimney, in such

[Drawing of patent No. 35,598, granted June 17, 1862, to W. L. Fish, published from the records of the United States patent office.]

a manner that the flame can be observed from the outside, and that sufficient light is allowed to pass out into the room to render the device available for a nurse-lamp." He claims as new: "(1) A lamp-chimney A provided with a receiver B, substantially as and for the purpose shown and described. (2) The arrangement of the window e in the metal bulb a of the chimney A, as and for the purpose set forth." .

Two intermediate reissues were obtained, one dated December 23d, 1862, No. 1,368, and the other dated January 5th, 1864, No. 1,596, which I will not stop to consider, as the comparison is to be made with the third reissue, dated April 18th, 1876, and numbered 7,069. In this reissue the claims are multiplied into four. The specification states that "the invention has for its object the utilization of the heat of the illuminating flame of kerosene oil lamps, and consists, first, in the combination, substantially as therein shown and described, of a kerosene oil lamp, deflector or cone, and a metallic heating-chamber or shell, adapted to support the vessel to be heated; second, in a kerosene oil lamp heater, in which the deflector or cone of the lamp is arranged in the bottom of the metallic heating chamber or shell that is adapted to support the vessel to be heated; third, in the combination of a kerosene oil lamp, a deflector or cone, and a metallic heating-chamber, under the arrangement substantially as shown and described, so that the air for the sustenance of the flame in the heater shall be admitted through the bottom of the heater, and .the

[Drawings of reissued patent No. 7,069, granted April 18, 1876, to W. L. Fish, published from the records of the United States patent office.]

Fig. 1.

Fig. 2.

products of combustion shall pass off through a contracted opening in the top of the heater; fourth, in the combination of a kerosene oil lamp, a metallic shell adapted to support a vessel to be heated, and a window made of transparent material in the walls of the shell, substantially as therein set forth."

The action of the commissioner of patents in granting the reissue under section 4916 of the Revised Statutes has conclusively settled the question that the original patent was inoperative or invalid by reason of a defective or insufficient specification, or by reason of the patentee claiming, as his own invention, more than he had a right to claim as new, and that the error arose by inadvertence, accident, or mistake, and without any fraudulent or deceptive intention. Seymour v. Osborne, 11 Wall. [78 U. S.] 516. The reissue, nevertheless, must be for the same invention. It may change the phraseology, correct the specification, and, under some circumstances, increase the number of claims of the original patent, but no new matter may be added to the schedule or specifications, nor any new claim made, unless the same were substantially embraced, indicated or suggested in the original description, claims, drawing or model.

In the case before the court the drawings are identical in the original and in the reissue, and if it shall appear on examination that nothing has been embraced in the reissue beyond what is fairly indicated in the drawings, it must be held, as a matter of legal construction, that the inventions claimed in the two patents are the same. In the description of the original patent, the patentee clearly indicates a combination. The elements of the combination are: (1) A receiver to hold the water to be heated; (2) a metallic lamp-chimney, of a peculiar construction, consisting of two parts—to wit, of a bulb and tube, fitting together and yet capable of separation, the tube being soldered to the receiver and removable with it from the bulb; (3) the flame of a kerosene or other lamp placed under the chimney in such a manner that the action of the flame will impart heat to the water. In addition to the foregoing—not in combination with it —is a window in the bulb of the chimney, so arranged that the flame is visible from the outside, and at the same time the window admits the light from the flame into the room.

In the reissue, the invention is described as a combination, and is made the subject of four clauses of claims. To this the counsel of the defendant objects, (1) because, as he alleges, the mechanism of the complainant's patent shows a mere aggregation of parts, and not an original and useful invention; and (2) because the patentee has introduced new matter into the claims, as, for instance, the slotted deflector and cone, and changed the scope of the original patent by limiting the heating flame to a kerosene lamp.

(1) It is true that a patent for a combination cannot be maintained where nothing is done except to bring well-known devices into juxtaposition, each working its own effect, and the aggregate producing no new and useful result. Hailes v. Van Wormer, 20 Wall. [87 U. S.] 353. Such a use of old elements involves no invention. But the complainant claims that the patentee has accomplished more than this; that a new

and practical result has been attained by the coaction of the elementary parts of the combination, which was not reached by their separate action before the combination was made; and, in my judgment, the evidence sustains the claim.

(2) The second objection involves the consideration of the province of a reissue. It must be for the same invention; but, subject to this limitation, such changes may be introduced in the description, specifications or claims, as may be deemed necessary to give validity to the invention, and protect it against infringement. Whatever is fairly indicated, either in the schedules, drawing or model of the original, may be comprehended in the specifications and claims of a reissue, without subjecting the patentee to the imputation of claiming more than he is entitled to. Jordan v. Dobson [Case No. 7,519]; Parham v. American Buttonhole, Over-Seaming & Sewing-Mach. Co. [Id. 10,-713]; Aultman. v. Holley [Id. 656]; Herring v. Nelson [Id. 6,424]. The identity of the invention, set forth in the original patent and the reissue, is a matter of legal construction, and is determined by a comparison of the two patents. Seymour v. Osborne, 11 Wall. [78 U. S.] 516; Stevens v. Pritchard [Case No. 13,407].

Instituting this comparison in the present case, I find in the reissue some elements or constituents which did not appear in the specification or claims of the original patent; but I find nothing that was not substantially indicated by the original drawing. The same drawing was used in the reissue that had been filed with the papers on which the first patent was granted. The testimony for the defence seemed to be based upon the idea that the test of identity was what the inventor intended to do, rather than what he did. But the question is not, what did the patentee intend? but, what did he in fact invent? And sometimes the drawing which he filed more clearly discloses the invention than the specifications and claims, which are apt to partake more or less of the infirmity of human language.

Mr. Dodge, the expert of the defendant, acknowledges that the drawings in the original and in the reissue are identical, and says that a device or apparatus constructed by following the drawing in the two cases would be identically the same. Unless, therefore, something can be found in the claims of the reissue which discloses another and different invention, the reissue will be valid notwithstanding the changes, verbal or otherwise, that have been introduced into the specifications and claims to make them correspond with, and conform to, the real invention.

These claims are as follows: "(1) The combination, substantially as herein shown and described, of a kerosene oil lamp, a deflector or cone, and a metallic heating-chamber or shell, adapted to support a vessel to be heated. (2) A kerosene oil lamp heater, in which the deflector or cone of the lamp is arranged in the bottom of a metallic heating chamber or shell that is adapted to support the vessel to be heated. (3) The combination of a kerosene oil lamp, a deflector or cone, and a metallic heating-chamber, under the arrangement, substantially as herein shown and described, so that the air for the sustenance of the flame in the heater shall be admitted through the bottom of the heater, and the products of combustion shall pass off through a contracted opening in the top of the heater. (4) The combination of a kerosene oil lamp, a metallic shell adapted to support a vessel to be heated, and a window made of transparent material in the walls of the shell, substantially as herein set forth."

These claims speak of a combination, the elements of which are a kerosene oil lamp, a deflector or cone, and a metallic heating-chamber or shell, arranged in reference to each other in the manner described in the specifications, and shown in the drawings. The elements are all found in the original drawing, which expressly made a part of the specifications of the patent. A "kerosene lamp" is not mentioned by name, nor is a "slotted deflector or cone;" but the flame of a kerosene or other lamp "passing through a slotted deflector or cone" is so clearly exhibited that a mechanic of ordinary skill, having the drawing, would make no mistake and have no difficulty in constructing the device or apparatus, more fully set forth in the specifications of the reissue.

I first had the impression that the reissue in this case came within the principle of the reissue in Gill v. Wells, 22 Wall. [89 U. S.] 1, which the supreme court declared invalid because one of the elements of the original combination was dropped in the reissue, and a full description of several other devices in lieu thereof inserted without any allegation that they were equivalents of the one stricken out. Such a change was held to be the introduction of new matter, constituting a different invention, because it did not appear that the new devices were known at the date of the original invention as proper substitutes for the ingredient left out.

But it will be observed that the court did not say in that case, nor in view of their subsequent decision in The Corn Planter Patent, 23 Wall. [90 U. S.] 181, do I think it ought to be said, that when the patent is originally taken out for a single combination, a reissue may not be had in which a separate claim may not be made for sub-combinations of a part of the elements joined in one in the original invention. This subject has been so ably discussed by the late Judge Johnson, of the Second circuit. in the case of Herring v. Nelson [supra], that it is only necessary to refer to his opinion, as containing not only a satisfactory exposition of the law of reissue in the case of a patent for a combination, but also the grounds why the reissue in the case before the court should be deemed valid.

The remaining questions discussed at the hearing were, whether the invention was new, and whether the defendant's stove was an infringement. It would serve no good purpose to take up seriatim the large number of exhibits introduced by the defendant to prove that the complainant's patent has been anticipated by other inventions. They are useful as illustrating the state of the art at the date of the Fish invention. Patents for nurse-lamps, portable furnaces, lamp-stoves, gas-stoves, chafing-dishes, vapor-stoves, and various other articles of household economy, are brought forward, in nearly all of which something is doubtless found that bears a resemblance to some of the elements of the complainant's combination. They prove that the flame of a lamp has long been used for heating and cooking purposes; that lamp heaters and stoves are not new; and that the vessel to be heated is generally supported upon a cylinder or shell, below which is placed the lamp, whether of oil, alcohol or kerosene, that supplies the heat; but I nowhere find, except in the patent of the complainant, in combination (a) a kerosene oil lamp, deflector or cone; (b) a metallic heating-chamber, adapted to support a vessel; (c) the arrangement whereby the air enters the heating-chamber only through the deflector; and (d) a contracted opening above the heating-chamber for the escape of the products of combustion.

Is the same combination found in the apparatus or mechanism manufactured or sold by the defendant? He has exhibited the letters patent No. 156,149, dated October 20th, 1874, under which he justifies, and the complainant has produced a stove called the "Summer Queen," which the defendant has sold. An examination of these quite clearly shows a kerosene lamp in combination with a metallic heating-chamber or shell to support the vessel to be heated, with a deflector or cone in its bottom; and the bottom closed, except the slat in the cone through which alone the air enters the chamber; and a contracted opening above the heated chamber to produce a draft. It is hardly necessary to add that such a combination influences the first, second and third claims of the complainant's reissue.

I have spent no time on the fourth claim, because, in view of the state of the art at the time of the original patent, there would seem to be no invention in placing a window in the walls of the metallic chamber, whether it was designed to give light in the room or for the inspection of the flame. The device is old, and it is the merest aggregation to link it with other elements in order to make it the subject of a separate claim.

Let a decree be entered against the defendant for infringing the first, second and third claims of the complainant's patent, and for an injunction, and an account for profits and damages since the date of the last reissue.

[See Case No. 7,723.]